**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SELVIN JEOVANY CRUZ, ET AL.              *

                     *

      PLAINTIFFS,               *

                     *

v.                        *  Case: 15-0221 -BAH

                     *

CENTER POINT NINE, INC.           *

t/a ASIA NINE, ET AL.              *

                     *

      DEFENDANTS.             *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**SECOND AMENDED COMPLAINT**</u>

      Plaintiffs Selvin Jeovany Cruz and Jose Marquez Hernandez ("Plaintiffs"), by and through undersigned counsel, hereby submits their Complaint against Defendants Centerpoint Nine, Inc. a/b/a Asia Nine (hereinafter "Asia Nine"), Nuthinpan Tantiuejakul a/ka/ Natalie Gan, and Boonrod Yotmanee (hereinafter collectively "Defendants")  to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and for unpaid overtime wages, minimum wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA") as set forth below.

<u>**PARTIES AND JURISDICTION**</u>

      1.    Cruz is an adult resident of the District of Columbia.  By participating as a named Plaintiff in this action, Cruz consents to prosecute his claims against Defendants under the FLSA and DCMWA.

      2.    Hernandez is an adult resident of the District of Columbia.  By participating as a named Plaintiff in this action, Hernandez consents to prosecute his claims against Defendants under the FLSA and DCMWA.

3.      Asia Nine is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.  Asia Nine is an Asian fusion restaurant operating in the District of Columbia.

4.      Nuthinpan Tantiuejakul and Boonrod Yotmanee own and operate Asia Nine.

5.      At all times during Plaintiffs' employment, Defendants served food products that originated and otherwise traveled outside of the Washington, D.C. and the United States and thus Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6.      On information and belief, each year during Plaintiffs' employment, Defendants' gross revenue exceeded $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7.      At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food products) that were moved in or produced for commerce thus Plaintiffs were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8.      Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA and DCMWA.

9.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter

jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

10.     During Plaintiffs' employment, Nuthinpan Tantiuejakul and Boonrod Yotmanee owned, operated and managed Asia Nine. Upon information and belief, Nuthinpan Tantiuejakul and Boonrod Yotmanee are married and operate Asia Nine as a close family business.

   a.  During Plaintiffs' employment, Nuthinpan Tantiuejakul and Boonrod Yotmanee had the power to hire, fire, suspend, and otherwise discipline Plaintiffs.

   b.  During the period of Plaintiffs' employment, Nuthinpan Tantiuejakul and Boonrod Yotmanee supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

   c.  During the period of Plaintiffs' employment, Nuthinpan Tantiuejakul and Boonrod Yotmanee set and controlled the work schedule or had the power to set and the work schedule of Plaintiffs.

   d.   During the period of Plaintiffs' employment, Nuthinpan Tantiuejakul and Boonrod Yotmanee set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiffs.

   e.  During the period of Plaintiffs' employment, Nuthinpan Tantiuejakul and Boonrod Yotmanee controlled, and was in charge of, the day-to-day operations of Asia Nine.

11.     Selvin Jeovany Cruz was employed by Defendants from about August

2012 until December 2014.  Cruz  primarily worked as a cook and general laborer.

12.     Jose Marquez Hernandez was employed by Defendants from about April 2010 until November 2014.  During this time, Hernandez took a break for a period of several months.  Hernandez primarily worked as a dishwasher and general laborer.

13.     During Cruz's entire employment period, Cruz typically and customarily worked roughly 51.5 to 58 hours per week.  Defendant had knowledge and suffered or permitted Cruz to work between 51.5 to 58 hours per week.

14.     During Hernandez's employment period, Hernandez typically and customarily worked, on average, roughly 60 hours per week.  Defendant had knowledge and suffered or permitted Hernandez to work approximately 60 hours per week.

15.     Defendants paid Cruz a bimonthly salary.  From approximately August 2012 through approximately February 2013, Cruz was paid a bi-monthly salary of roughly $1,029.00.  From approximately March 1, 2013 through January 14, 2014, Cruz was paid a bi-monthly salary of roughly $1,068.00.  From approximately January 15, 2014 through the end of Cruz' employment with Defendants, approximately December 23, 2014, Cruz was paid a bi-monthly salary of roughly $1,102.00.  Cruz was paid by personal check from Defendants until approximately December of 2012, at which point Defendants began paying Cruz using a company check. This salary did not compensate Cruz for the overtime hours he worked over forty in each week.

16.     From about April 2011 until about November 15, 2014, Defendants paid Hernandez a bimonthly salary.  For roughly the first year of Hernandez' employment with Defendants, he was paid a salary of approximately $750.00 (net) twice per month, plus an additional $40.00 in cash, twice per month. Initially, Defendants frequently paid

Hernandez via personal checks, without making any deductions.  Hernandez was later given a raise.  When Hernandez worked extra shifts during a pay period, he was paid slightly more for that pay period, plus an additional $40.00 in cash. This salary did not compensate Hernandez for the overtime hours he worked over forty in each week.

17.    Defendants failed to pay Plaintiffs time and a half their regular rate for the hours they worked over forty.

18.    During certain periods, Defendants also failed to pay the minimum wage set forth by the DCMWA.

19.    Defendants' failure and refusal to pay Plaintiffs, as required by the FLSA and the DCMWA, was willful and intentional, and was not in good faith.  This is evidenced by, among other things, the fact that Defendants took active steps to hide the number of hours that Plaintiffs were working.  Plaintiffs' checks often did not demonstrate the number of hours that Plaintiffs worked.  Defendants paid certain employees overtime while failing to pay other employees overtime.  This demonstrates that Defendants knew of their obligation to pay Plaintiffs but ignored it.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act
(Overtime)**

20.    Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

21.    The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

22.     At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiffs' "employer" under FLSA, 29 U.S.C. § 207(a)(2).

23.     Defendants, as Plaintiffs' employer, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate for all hours worked per week in excess of forty (40).

24.     As set forth above, while in Defendants' employ, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours in excess of forty (40) each week during each of their employment.

25.     As set forth above, Defendants failed and refused to pay Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

26.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

27.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

28.     Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

29.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half (1½) times Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40).

30.     As set forth above, while in Defendants' employ, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours in excess of forty (40) each week during their employment.

31.     As set forth above, Defendants failed and refused to compensate Plaintiffs any wages for all overtime hours worked each week in excess of forty (40).

32.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage)

33.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

34.      Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of DCMWA.

35.     During the relevant period, D.C. Code § 32-1003 required that employers pay their employees at least one dollar over the federal minimum wage.

36.     Defendants failed to pay Plaintiffs at a rate of at least $8.25 per hour for all hours Plaintiffs worked.

37.     Defendants' failure to pay Plaintiffs the minimum wage, as required by the DCMWA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiffs for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

____-S-_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
836 Bonifant St.
Silver Spring, MD 20815
Telephone: 301-587-9373
Fax: 301-587-9373
mamster@zagfirm.com

*Counsel for Plaintiffs*